

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-82,509-03

### EX PARTE JAIME COVARRUBIAS, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. W99-32080-V(C) IN THE 292ND DISTRICT COURT FROM DALLAS COUNTY

*Per curiam*.

### O R D E R

Applicant was convicted of capital murder and sentenced to life imprisonment. The Fifth Court of Appeals affirmed his conviction. *Covarrubias v. State*, No. 05-00-01387-CR (Tex. App. — Dallas April 2, 2002) (not designated for publication). Applicant filed an application for a writ of habeas corpus and an amended application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded them to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

The trial court appointed a habeas attorney to represent Applicant, and that attorney moved to dismiss Applicant's *pro se* applications so that further investigations could be performed. Because there was some indication that Applicant did not agree with appointed counsel's motion to dismiss or withdraw the application, this Court remanded this matter to the trial court on October 23, 2019,

to determine whether Applicant agreed with appointed habeas counsel's motion to dismiss or withdraw Applicant's *pro se* application, and whether Applicant still wanted to be represented by habeas counsel.

On January 6, 2020, this Court received the supplemental record after remand. The trial court apparently held a live hearing on November 21, 2019,[1] at which Applicant informed the trial court that he wants to proceed *pro se* and does not want to withdraw his *pro se* application. According to the trial court's findings, Applicant "acknowledged that this current application was not compliant but asked for sufficient time to amend the application." In fact, the amended application filed by Applicant on April 23, 2019, and included in the habeas record before remand appears to be compliant.

Applicant contends, among other things,[2] that trial counsel was ineffective because trial counsel failed to object when the trial court gave the jury a supplemental instruction requiring the jury to be unanimous in finding Applicant not guilty of capital murder before proceeding to consider a lesser-included offense, allowed biased jurors to serve on the jury, did not allow Applicant to be present when responses to jury notes were prepared, failed to impeach a witness using prior inconsistent statements, failed to object to testimony about extraneous offenses and/or bad acts, and failed to object to errors in the jury charge.

Applicant also alleges that appellate counsel was ineffective for failing to argue that the trial court had erred in not allowing the defense to introduce letters written by one of the victims to

---

[1]The supplemental record did not include a transcript of the hearing, as required by this Court's remand order.

[2]This Court has reviewed Applicant's other claims and finds them to be without merit.

Applicant in time to allow the defense to properly use the evidence, failing to argue that the trial court had erred in denying defense requests for instructions on involuntary conduct at the guilt/innocence phase and sudden passion at the punishment phase, and failing to argue that biased jurors had been empaneled.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order trial counsel and appellate counsel to respond to Applicant's claims. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall first supplement the habeas record with a transcript of the hearing conducted on November 21, 2019. The trial court shall make findings of fact and conclusions of law as to whether trial counsel's performance was deficient and Applicant was prejudiced. The trial court shall also make findings of fact and conclusions of law as to whether appellate counsel's performance was deficient and Applicant was prejudiced. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things,

affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: January 29, 2020
Do not publish